UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| ERNESTO MARTINEZ-PALACIOS, | ) | CASE NO. 4:23-cv-42 |
| | ) | |
| PETITIONER, | ) | JUDGE SARA LIOI |
| | ) | |
| vs. | ) | **MEMORANDUM OPINION** |
| | ) | **AND ORDER** |
| WARDEN GARZA, | ) | |
| | ) | |
| RESPONDENT. | ) | |

Before the Court is the motion of respondent Warden Garza ("Garza") to dismiss the habeas petition of *pro se* petitioner Ernesto Martinez-Palacio ("Martinez-Palacio"). (Doc. No. 8 (Motion).) Martinez-Palacio opposes the motion. (Doc. No. 10 (Reply).) For the reasons set forth below, the motion is granted, and Martinez-Palacio's habeas petition is dismissed without prejudice.

**I.      Background**

Martinez-Palacios is a federal inmate at Federal Correctional Institution Elkton. (Doc. No. 8, at 2.) On February 16, 2016, he was sentenced to 63 months in prison for illegal re-entry by a previously deported alien after a felony conviction, in violation of 8 U.S.C. § 1326(a) and (b)(1). (*Id.* at 2; *see* Doc. No. 1 (Habeas Petition), at 1.) His projected release date is July 15, 2024. (Doc. No. 1, at 2; *see* https://www.bop.gov/inmateloc/ (last visited October 4, 2023).) In his habeas petition, Martinez-Palacios seeks good-time credit toward early release under the First Step Act ("FSA"), 18 U.S.C. § 3624(b). (Doc. No. 1, at 1.)

**II.     Law and Analysis**

It is well settled in the Sixth Circuit that before a prisoner may seek habeas corpus relief under § 2241, he must first exhaust his administrative remedies. *See Luedtke v. Berkebile*, 704 F.3d 465, 466 (6th Cir. 2013); *Graham v. Snyder*, 68 F. App'x 589, 590 (6th Cir. 2003); *Little v. Hopkins*, 638 F.2d 953, 954 (6th Cir. 1981). Exhaustion serves the laudable goals of (1) protecting "administrative agency authority," by ensuring that an agency has an opportunity to review and revise its actions before litigation is commenced, preserving both judicial resources and administrative autonomy; and (2) promoting efficiency because "[c]laims generally can be resolved much more quickly and economically in proceedings before an agency than in litigation in federal court." *See Woodford v. Ngo*, 548 U.S. 81, 89, 126 S. Ct. 2378, 165 L. Ed. 2d 368 (2006) (citing *McCarthy v. Madigan*, 503 U.S. 140, 145, 112 S. Ct. 1081, 117 L. Ed. 2d 291 (1992)).

The Federal Bureau of Prisons (BOP) has outlined the relevant administrative exhaustion process in its Program Statement No. 5050.50. *See* U.S. Department of Justice, Federal Bureau of Prisons, Compassionate Release/Reduction in Sentence: Procedures for Implementation of 18 U.S.C. §§ 3582 and 4205(g) (Jan. 17, 2019), http://www.bop.gov/policy/progstat/5050_050_EN.pdf. First, a request for a release/reduction in sentence must be submitted to the warden. 28 C.F.R. § 571.61(a). If the warden denies the request, he must do so in writing, and the defendant may appeal the decision pursuant to the BOP's Administrative Remedy Procedure. 28 C.F.R. § 571.63(a) (citing 28 C.F.R. part 542, subpart B). If the warden approves the inmate's request, a later denial by the BOP's general counsel, or its director, is considered a final administrative decision, and the defendant's administrative remedies are exhausted at that time. 28 C.F.R. § 571.63(b-c).

Garza has presented evidence that Martinez-Palacios has not initiated any steps of this administrative process. In his motion to dismiss, Garza cites the Declaration of Senior CLC Attorney for Federal Bureau of Prisons, Johnathan Kerr, which explains that Martinez-Palacios "has not properly exhausted the BOP Administrative Remedy Program challenging the calculation, application, or eligibility to earn Federal Time Credit ('FTC'). . . . Indeed, he has not filed a single Administrative Remedy while in BOP custody." (Doc. No. 8-1 ¶ 3.) Garza also cites the Administrative Remedy Generalized Retrieval for Martinez-Palacios, which says that there is no administrative remedy data for him. (*Id.* at 16.) Martinez-Palacios does not dispute these facts in his response to Garza's motion to dismiss—in fact, he does not even mention exhaustion of administrative remedies. (*See generally* Doc. No. 10.) Because Martinez-Palacios has not exhausted his administrative remedies, his petition cannot proceed.

Even if the Court were to reach the merits of this petition, however, it would be denied. The First Step Act ("FSA"), 18 U.S.C. § 3624(b), allows a prisoner who is serving a term of imprisonment of more than one year, but not a life sentence, to earn up to 54 days each year of credit toward his sentence if the Bureau of Prisons determines that, during that year, "the prisoner has displayed exemplary compliance with institutional disciplinary regulations." The Act excludes from these time credits prisoners who have been convicted under any of sixty-eight statutory provisions, 18 U.S.C. § 3632(d)(4)(D), including the provision under which Martinez-Palacios

3

was convicted. 18 U.S.C. § 3632(d)(4)(D)(lix).[1] Therefore, Martinez-Palacios is not eligible for good-time credit toward early release.

### III. Conclusion

Because Martinez-Palacios failed to exhaust his administrative remedies, Garza's motion to dismiss is granted, and Martinez-Palacio's petition is dismissed without prejudice. The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that an appeal from this decision could not be taken in good faith.

**IT IS SO ORDERED**.

Dated: October 6, 2023

**HONORABLE SARA LIOI
CHIEF JUDGE
UNITED STATES DISTRICT COURT**

---

[1] Martinez-Palacios challenges the constitutionality of this provision under the Fourteenth Amendment Equal Protection Clause (*see* Doc. No. 10, at 2). He waived this argument by not raising it in his original petition (*see generally* Doc. No. 1). *Travelers Property Cas. Co. of America v. Hillerich & Bradsby Co., Inc.*, 598 F.3d 257, 275 (6th Cir. 2010) ("Arguments raised only in reply, and not in the original pleadings, are not properly raised before the district court[.]"). Even if the Court were to consider the argument, however, it lacks merit. Under the Equal Protection Clause, a statutory classification must be supported by a compelling state interest when it involves a suspect class or a fundamental right. *San Antonio Bd. of Educ. v. Rodriguez*, 411 U.S. 1, 16–17, 93 S. Ct. 1278, 36 L. Ed. 2d 16 (1973). Because prisoners are not a suspect class, claims of violations of prisoners' rights are subject to the rational basis test, which means "the regulation is valid if it is reasonably related to legitimate penological interests." *Turner v. Safley*, 482 U.S. 78, 89, 107 S. Ct. 2254, 96 L. Ed. 2d 64 (1987). Under this analysis, several courts have upheld classifications of prisoners in the sentencing context. *See, e.g.*, *Robinson v. Deloach*, No. 1:06-cv-1061, 2009 WL 1116838, at *4 (M.D. Ala. Apr. 24, 2009) (upholding a statute that allowed reductions in prisoners' sentences for good behavior, but excluded prisoners sentenced to terms of more than fifteen years); *Matter of A.C.*, No. 18CA1, 2018 WL 5309946, at *3 (Ohio Ct. App. Oct. 22, 2018) (upholding a statute that "restrict[ed] the availability of [record] expungement in cases where the [l]egislature has found the crimes sufficiently serious to warrant not extending the privilege of expungement to those who have committed those offenses"). Furthermore, there is no fundamental right under the Constitution to good-time credit. *Wolff v. McDonnell*, 418 U.S. 539, 557, 94 S. Ct. 2963, 41 L. Ed. 2d 935 (1974). Therefore, the First Step Act's exclusion of certain offenses from consideration for good-time credit is not a violation of the Equal Protection Clause. *See United States v. Powell*, No. 2:11-cr-205, 2023 WL 5489030, at *4–5 (E.D. Va. Aug. 24, 2023) ("Here, there is a clear rational basis for treating persons who have been convicted of the excluded offenses differently than persons who have been convicted of other offenses. The excluded offenses . . . are some of the most serious crimes punishable under federal law.").